**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DIAMOND 6S MANAGEMENT, LLC D/B/A ECOBOX; DIAMOND 6S MANUFACTURING, LLC** | § | |
| **PLAINTIFFS,** | § | **CIVIL ACTION NO. 1:16-CV-272** |
| **V.** | § | |
| **VICTORY PACKAGING, L.P.; AND VICTORY PACKAGING MANAGEMENT LLC** | § | |
| **DEFENDANT.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Diamond 6S Management, LLC d/b/a Ecobox and Diamond 6S Manufacturing, LLC (collectively "*EcoBox*" or "*Plaintiffs*") files this Original Complaint for Patent Infringement ("*Complaint*") seeking injunctive and compensatory relief against Defendants Victory Packaging, L.P. and Victory Packaging Management, LLC (collectively "*Victory*" or "*Defendants*") for infringement of U.S. Patent Nos. D661,191 and D660,702 (the "*Patent-in-Suit*"). In support of its Complaint, EcoBox shows as follows:

## I. PARTIES

1. Diamond 6S Management, Inc. d/b/a EcoBox is an entity organized and existing under Texas law with its principal place of business located at 3816 Binz Engleman Rd., Ste. B101.

2. Diamond 6S Manufacturing, Inc. d/b/a EcoBox Franchise Corp. is an entity organized and existing under Texas law with its principal place of business located at 3816 Binz

Engleman Rd., Ste. B101.

3. Victory Packaging, L.P. is, upon information and belief, a corporation organized and existing under Texas law. Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, through expedited delivery service, certified or registered mail (return receipt requested), first-class mail.

4. Victory Packaging Management LLC is, upon information and belief, a corporation organized and existing under Texas law. Defendant may be served with process through its registered agent, H. Benjamin Samuels, 3555 Timmons Lane, Ste. 1440, Houston, Texas 77027, through expedited delivery service, certified or registered mail (return receipt requested), first-class mail.

## II. JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. This Court has original and exclusive jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants in that they have committed acts within Texas and the Western District of Texas giving rise to this action. As set forth in this Complaint, Defendants have purposely transacted business involving their accused products in this judicial district by providing products for sale through online and retail stores in the State of Texas and Western District of Texas that infringe on the Patent-in-Suit.

7. Venue is proper in this district under section 28 U.S.C. § 1391 (b)-(c) and 1400(b). Further, venue is proper in this district under 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## III. FACTUAL BACKGROUND

8. The ‘191 patent entitled “Polyethylene Foam Block” was duly and legally issued by the United States Patent and Trademark Office on June 5, 2012, after full and fair examination. A copy of the ‘191 patent is attached hereto as Exhibit “A.”

9. The ‘191 patent provides for the design of a television edge protector designed to secure and protect a flat screen television during transport.

10. The ‘702 patent entitled “Polyethylene Foam Block” was duly and legally issued by the United States Patent and Trademark Office on May 29, 2012, after full and fair examination. A copy of the ‘702 patent is attached hereto as Exhibit “B.”

11. The ‘702 patent provides for the design of a television edge protector designed to secure and protect a flat screen television during transport.

12. At all times relevant hereto, Ecobox’s products have been marked with the ’191 and/or ‘702 Patent numbers.

13. EcoBox has owned the Patents-in-Suit throughout the period of Defendants’ infringing acts and still owns the patent. EcoBox is the sole owner of all rights, title, and interest in the Patents-in-Suit, and possesses all rights of recovery, including the right to recover all past damages under the Patents-in-Suit.

14. Defendants provide packaging design, creation, delivery, storage, and management to its customers. Defendants do business at the website https://www.victorypackaging.com/en/.

15. Recently, and subsequent to the issuance of the ‘191 and ’702 and Patents, Defendants embarked upon a systematic, organized and damaging course of conduct directed to the duplication and copying Ecobox’s Polyethylene Foam Block. Defendants have, in fact,

copied and are offering for sale, and selling, unauthorized replications of Ecobox's Polyethylene Foam Block.

16. Among Defendants' customers is U-Haul of Texas and U-Haul International (collectively "*U-Haul*"). Defendants provide to U-Haul television edge protectors that are identical to or substantially equivalent to the claims in the Patent-in-Suit. U-Haul does business at the website www.uhaul.com and its infringing products can be purchased within the Western District of Texas.

17. Defendants directly ship, distribute, offer for sale, and (through U-Haul) sell and advertise their infringing products and/or services in the United States, including within the State of Texas and the Western District of Texas.

18. Upon information and belief, Defendants have sold the infringing television edge protectors to customers located in the Western District of Texas.

19. Specifically, Defendants directly ship, distribute, offer for sale, and (through U-Haul) sell and advertise television edge protectors that are identical to or substantially equivalent to the claims in the Patent-in-Suit.

20. This illegal conduct by Defendants has no other purpose than to trade on the reputation and recognition by the purchasing public of Ecobox's Polyethylene Foam Block. These activities by Defendants are damaging Ecobox's reputation in the marketplace and causing harm to Ecobox.

## IV. CAUSES OF ACTION

### COUNT I – INFRINGEMENT OF PATENT NO. D661,191.

21. EcoBox realleges and incorporates by reference paragraphs 1-14 as if fully set forth herein.

22. Defendants have infringed, literally and/or under the doctrine of equivalents, and continue to directly infringe the claim of the '191 patent by, among other things, making, manufacturing, importing, offering for sale, selling, and using television edge protectors with a design covered by the '191 patent that are substantially similar to and infringe the '191 patent in violation of 35 U.S.C. § 271.

23. Defendants manufacture and sell television edge protectors. Some of the television edge protectors manufactured and/or sold by Defendants infringe the '191 patent, including the following products:

(i) Flat Panel TV Kit

24. Plaintiff's remedy by civil action for infringement is provided by 35 U.S.C. § 281 and § 289.

25. Prior to the filing of this action, Plaintiff complied with 35 U.S.C. § 287 by placing a notice of the '191 patent on the television edge protectors it manufactures and sells.

26. EcoBox has been damaged as a result of Defendants' infringing conduct. Defendants are, therefore, liable to EcoBox in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284 or disgorgement of Defendants' profits as provided under 35 U.S.C. § 289.

27. Defendants' infringement of the '191 patent is willful and deliberate, making this case exceptional pursuant to 35 U.S.C. § 285 and justifying treble damages by 35 U.S.C. § 284.

28. If it is determined that this case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, EcoBox requests the Court to award it all reasonable attorneys' fees and costs incurred in this litigation and pre-judgment and post-judgment interest pursuant to 35

U.S.C. §§ 284 and 285.

**COUNT II – INFRINGEMENT OF PATENT NO. D660,702.**

29. EcoBox realleges and incorporates by reference paragraphs 1-24 as if fully set forth herein.

30. Defendants have infringed, literally and/or under the doctrine of equivalents, and continue to directly infringe the claim of the '702 patent by, among other things, making, manufacturing, importing, offering for sale, selling, and using television edge protectors with a design covered by the '702 patent that are substantially similar to and infringe the '702 patent in violation of 35 U.S.C. § 271.

31. Defendants manufacture and sell television edge protectors. Some of the television edge protectors manufactured and/or sold by Defendants infringe the '702 patent, including the following products:

(i) Flat Panel TV Kit

32. Plaintiff's remedy by civil action for infringement is provided by 35 U.S.C. § 281 and § 289.

33. Prior to the filing of this action, Plaintiff complied with 35 U.S.C. § 287 by placing a notice of the '702 patent on the television edge protectors it manufactures and sells.

34. EcoBox has been damaged as a result of Defendants' infringing conduct. Defendants are, therefore, liable to EcoBox in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284 or disgorgement of Defendants' profits as provided under 35 U.S.C. § 289.

35. Defendants' infringement of the '702 patent is willful and deliberate, making this

case exceptional pursuant to 35 U.S.C. § 285 and justifying treble damages by 35 U.S.C. § 284.

36. If it is determined that this case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, EcoBox requests the Court to award it all reasonable attorneys' fees and costs incurred in this litigation and pre-judgment and post-judgment interest pursuant to 35 U.S.C. §§ 284 and 285.

## V. JURY DEMAND

37. Plaintiff hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## VI. CONDITIONS PRECEDENT

38. All conditions precedent to recovery sought herein have been met by Plaintiff or waived by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff EcoBox respectfully requests that this Court enter a judgment in its favor and against Defendants as follows:

1. A permanent injunction against Defendants, enjoining them, their respective directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity, concert, or participation with Defendants, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the Patent-in-Suit;

2. Damages for infringement of EcoBox's '191 patent pursuant to 35 U.S.C. §§ 281, 284 and 289;

3. Damages for infringement of EcoBox's '702 patent pursuant to 35 U.S.C. §§ 281, 284 and 289;

4. Enhanced damages for willful infringement, pursuant to 35 U.S.C. § 284;

5. Pre-judgment and post-judgment interest at the highest legal maximum rate;

6. Costs, expenses, and fees, including reasonable and necessary attorneys' fees, pursuant to 35 U.S.C. § 285;

7. Payment of costs of suit herein incurred pursuant to, inter alia, 35 U.S.C. § 297(b)(1);

8. Other relief to which Plaintiff EcoBox may be entitled at law or in equity, whether pleaded or not.

Respectfully submitted,

By: *<u>/S/ Paul V. Storm</u>*

**Paul V. Storm**
Texas Bar No. 19325350
**J. Michael Thomas**
Texas Bar No. 24066812
1601 Elm Street
3000 Thanksgiving Tower
Dallas, Texas 75201
Telephone: (214) 999-3000
Telecopier: (214) 999-4667
pvstorm@gardere.com
mthomas@gardere.com

**ATTORNEYS FOR PLAINTIFFS**